Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>S&S Petroleum, Inc.,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

### INTRODUCTION

1. Plaintiff brings this action against Defendant S&S Petroleum, Inc. ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the 76 gas station ("76 Station") located at 2278 Tennessee Street in Vallejo, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

### PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant is a Washington corporation with its principal address in the State of Washington.

5. Defendant owned, managed, operated, or otherwise was responsible for the 76 Station

1   and all relevant times did business in the State of California.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and 76 Station are located inside this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10. Plaintiff is a paraplegic due to a tragic motorcycle accident.

11. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

12. Plaintiff's symptoms substantially limit his major life activities.

13. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

14. Plaintiff's lives in the San Francisco Bay Area, not far from 76 Station and the Property.

15. Plaintiff personally visited Defendant's gas station on April 1, 2023 and April 10, 2023. Plaintiff was there to purchase some snacks.

16. Both times Plaintiff visited the 76 Station, Plaintiff was astonished to find that Defendant was storing what appears to be toxic waste barrels inside of the accessible parking space and access aisle.

17. The massive 55-gallon drums blocked a large portion of the accessible parking space as well as the access aisle, rendering the spaces useless to Plaintiff. Plaintiff naively believed that this was just a fluke on his first visit, but upon seeing the barrels in their same exact location on his second visit to the gas station, Plaintiff unfortunately discovered that Defendant does not value disabled customers.

18. Accessible parking spaces and access aisles are designed to provide additional space

and accessibility for individuals with disabilities. If these spaces are obstructed, it can prevent individuals with disabilities from being able to park their vehicle and safely exit their vehicle with mobility devices such as wheelchairs. This can result in significant inconvenience and even danger for disabled individuals who rely on these accessible areas. Clear accessible parking spaces and access aisles ensure that individuals with disabilities can access the business, services, or facilities.

19. Plaintiff wants to access the facilities and goods and services offered at 76 Station and the Property when Defendant removes the accessibility barriers at the 76 Station. Plaintiff would like to return to Defendant's gas station once they cease their blatantly discriminatory conduct. Plaintiff lives less than a mile away from the 76 Station and it is a very convenient location to stop and purchase sundries and gas for his vehicle.

20. The 76 Station and Property are a public accommodations and business establishments.

21. The 76 Station and Property is open to the public and its operation affects commerce.

22. 76 Station and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

23. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

24. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

25. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of 76 Station and the Property.

<u>Failure to Maintain Accessible Features</u>

26. Defendant violated the ADA by failing to maintain in operable and working condition those features of the 76 Station and Property that are required to be readily accessible to and be usable by persons with disabilities.

27. Defendant's failure in maintaining the 76 Station and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

28. The configuration and condition of the 76 Station and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

29. It is readily achievable for Defendant to remove the barriers.

30. Defendant does not have any legitimate business justification to excuse the condition and configuration of the 76 Station and Property.

31. Defendant's violations are the cause of suffering for Plaintiff.

32. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

### SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. The 76 Station is a business establishment.

35. As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visit to 76 Station at the Property.

36. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

37. Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

38. Plaintiff was harmed.

39. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

40. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

41. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

### **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: April 19, 2023

Law Office of Rick Morin, PC

*/s/ Rick M*

_____

Richard Morin
Attorney for Plaintiff